## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

====================================

MIRIAM KLEIN individually and
on behalf of all others similarly situated


Plaintiff,


-against-


JZANUS LTD.


Defendant.

====================================

### CLASS ACTION COMPLAINT

#### *Introduction*

1.     Plaintiff Miriam Klein files this Complaint seeking redress for the illegal practices of Jzanus LTD., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

#### *Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Floral Park, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Factual Allegations

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about September 1, 2016, Defendant Jzanus sent a collection letter to the Plaintiff Miriam Klein. (see attached exhibit)

11.    The said letter was an effort to collect on a consumer debt.

12.    The said September 1, 2016 letter was Defendant's initial communication with the Plaintiff.

13.    Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the

name of the creditor to whom the debt is owed", see 15 U.S.C. § 1692g(a).

14.    It is not enough to provide the information required by § 1692g, but rather, that information must be effectively conveyed.[1]

15.    The letter identified the "Client" as "NY Methodist Hospital" but failed to identify the current creditor of the debt as required by 15 U.S.C. § 1692g

16.    The Defendant's letter was supposed to identify a "current creditor," or "the creditor to whom the debt is owed."

17.    Merely naming the original creditor and the "Client", without identifying the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

18.    The least sophisticated consumer is left in the dark as to who she actually owes the debt to.[2]

---

[1] *Datiz v. Int'l Recovery Assocs.*, No. 15-CV-3549 (ADS)(AKT), 2016 U.S. Dist. LEXIS 102695, at *14-33 (E.D.N.Y. Aug. 4, 2016) (The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.); *Clomon v. Jackson*, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993); *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "RE: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection", fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003); *Savino v. Computer Credit*, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998); *McStay v. I.C. Sys.*, 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b).; *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

[2] *Janetos v. Fulton, Friedman & Gullace, LLP*, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015) (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.); *Beltrez v. Credit Collection Servs.*, 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015) ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor

19.    The least sophisticated consumer is left confused as to who the creditor is in this case.[3]

20.    Defendant failed to state "the name of the creditor to whom the debt is owed."

21.    Defendant's collection letter therefore violates 15 U.S.C. §§ 1692g and 1692g(2) of the FDCPA.

22.    The least sophisticated consumer would likely be deceived by Defendant's conduct.

23.    Said September 1, 2016 letter is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2).

24.    Plaintiff suffered injury in fact by being subjected to unfair and abusive

---

to whom the debt is owed, Defendant's motion must be denied."); *Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006) ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it *Target National Bank, Target Customs Brokers, Inc.*, or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the cornt, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter."); *Amina v. WMC Mortgage Corp.*, No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011) ("[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692g(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple *Chase* entities. Further, there is no evidence on the record establishing that *Chase* is indeed the current creditor.")

[3] *Lee v. Forster & Garbus LLP*, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here 7 after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."); *Pardo v. Allied Interstate, LLC*, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015); *Walls v. United Collection Bureau, Inc.*, 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

practices of the Defendant.

25.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

26.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

27.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

28.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

29.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

30.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

31.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

32.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and

acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### Class Allegations

33.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.    The identities of all class members are readily ascertainable from the records of Jzanus and those business and governmental entities on whose behalf it attempts to collect debts.

35.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Jzanus, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

37.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

38.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

39.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

40.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

41.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

43.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### CAUSE OF ACTION

44.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.    This cause of action is brought on behalf of Plaintiff and the members of a class.

46.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to identify the name of the creditor to whom the debt is owed.

### Violations of the Fair Debt Collection Practices Act

47.    The Defendant's actions as set forth above in the within complaint violates the FDCPA.

48.    Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

49.    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to

preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a)  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

c)  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

   Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   August 31, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace_____
David Palace esq. (DP 3855)

JZANUS LTD.
FLORAL PARK, NY 11001-0780
516-394-8260 - Fax 516-326-0998

**New York City Dept. of Consumer Affairs License # 0885012**

4

September 1, 2016

ıllıllıllıllıllıllıllıllıllıllıllıllıllıl
Miriam Klein

**Redacted**

7

| Client: | NY Methodist Hospital |
|---|---|
| Patient Name: | Miriam Klein |
| Account Number: | Redacted 99-1401 |
| Date(s) of Service: | 12/15/2015 - 12/15/2015 |
| Amount: | $1,345.45 |

Dear Miriam Klein:

Your account has been placed with us for collection or debt resolution. Please contact us regarding this matter.

If payment is made, please make your check or money order payable to NY Methodist Hospital (include your account number), or you may make a credit card payment by going to our website at www.payjzanus.com. See the back of this letter if you want to provide insurance information.

If you have any questions, please call 1-516-394-8260, Monday through Thursday, 8:30 am - 8:00 pm ; Friday, 8:30 am - 5:00 pm.

Your account representative is Kelly O.

Debt collectors in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THAT THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

- - - - - - - - - - - - - - - - - - - - - - ▴ Please Detach And Return in The Enclosed Envelope With Your Payment ▴ - - - - - - - - - - - - - - - - - - - -

Miriam Klein

**Redacted**

| Client: | NY Methodist Hospital |
|---|---|
| Patient Name: | Miriam Klein |
| Account Number: | Redacted 99-1401 |
| Date(s) of Service: | 12/15/2015 - 12/15/2015 |
| Amount: | $1,345.45 |
| Enclosed Amount: | |

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | | |
|---|---|---|
| VISA | CARD NUMBER | EXP. DATE |
| MasterCard | SECURITY CODE | AMOUNT |
| DISCOVER | PRINT CARD HOLDER NAME | |
| AMERICAN EXPRESS | SIGNATURE | |

ıllıllıllıllıllıllıllıllıllıllıllıllıllıl
JZANUS LTD.
PO BOX 415789
BOSTON, MA 02241-5789

A1
JZANUS.WFD
682869 - 00000780
Page 1 of 1